UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL ULTRERAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:13 CV 689 |
| | ) |
| TENNECO, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

In his amended complaint, plaintiff, through counsel, alleges that he was terminated by defendant for violating a "Lock Out / Tag Out" policy. (DE # 33.) Plaintiff alleges that defendant applied the policy inconsistently, punishing plaintiff more harshly than other employees because he is Mexican. Plaintiff also claims that he was retaliated against for reporting safety violations. Plaintiff asserts claims for violation of Title VII of the Civil Rights Act of 1964 and intentional infliction of emotional distress ("IIED"). Defendant now moves to dismiss plaintiff's Title VII retaliation claim and his IIED claim pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE # 25.)

RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011) (internal quotation marks omitted). To avoid dismissal under RULE 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In this case, defendant argues that plaintiff's Title VII retaliation claim is subject to dismissal because plaintiff has failed to allege that he engaged in any activity protected by the statute. Plaintiff argues that he was punished for reporting multiple safety violations at defendant's Elkhart plant to defendant's headquarters, and that this claim must survive under Title VII because Section 11(c) of the Occupational Safety and Health Act ("OSHA") protects employees who "blow the whistle" by exposing safety hazards.

Title VII makes it unlawful "for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). It is undisputed that plaintiff does not allege that he was retaliated against for any of the reasons outlined in the Title VII retaliation statute. Rather, plaintiff claims that he was retaliated against for reporting safety violations. Accordingly, defendant's motion to dismiss plaintiff's Title VII retaliation claim is granted. *Hall v. City of Chicago,* 152 F. Supp. 2d 962, 969-70 (N.D. Ill.

2001) *aff'd,* 52 F. App'x 259 (7th Cir. 2002) (granting summary judgment for defendant on Title VII retaliation claim, which plaintiff based on reports of safety violations).

Defendant also moves to dismiss plaintiff's IIED claim because, amongst other reasons, plaintiff fails to allege facts suggesting that defendant engaged in extreme and outrageous conduct. Plaintiff argues that his IIED claim should survive because "in terminating him, Tenneco showed a conscious disregard of his rights under [its Lock Out / Tag Out] policy, and subjected him to cruel and unjust hardship." (DE # 33 at 15.)

In order to establish the tort of IIED under Indiana law, a plaintiff must show that the defendant engaged in extreme and outrageous conduct. *Waldrip v. Waldrip*, 976 N.E.2d 102, 117 (Ind. Ct. App. 2012). "Intentional infliction of emotional distress is found where conduct exceeds all bounds usually tolerated by a decent society and causes mental distress of a very serious kind." *Lachenman v. Stice*, 838 N.E.2d 451, 457 (Ind. Ct. App. 2005).

Indiana courts have been reluctant to award damages for intentional infliction of emotional distress in employment cases. *McCreary v. Libbey-Owens-Ford Co.,* 132 F.3d 1159, 1167 (7th Cir. 1997) (rejecting employee's IIED claim because "[i]t is not our place to expand the tort of intentional infliction of emotional distress further than the Indiana courts have already done."). Further, most garden-variety employment actions do not qualify as outrageous for purposes of an IIED claim. *Breneisen v. Motorola, Inc.,* 512 F.3d 972, 983 (7th Cir. 2008) ("None of the conduct complained of by the plaintiffs, which includes being demoted, questioned or criticized upon return from FMLA leave, passed

over for raises or given reduced raises, denied tuition reimbursements, or given unexcused absences meet th[e] demanding standard [of 'outrageous']."). Like the actions taken by the employer in *Breneisen,* defendant's alleged disregard for its own Lock Out / Tag Out policy is an employment action that does not qualify as outrageous for purposes of stating an IIED claim under Indiana law. Accordingly, defendant's motion to dismiss plaintiff's IIED claim is granted.

For the above reasons, defendant's motion to dismiss (DE # 25) is **GRANTED**.

**SO ORDERED.**

Date: October 1, 2014

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT